**Ardian KACUPAJ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–4294–ag.**

United States Court of Appeals, Second Circuit.

Aug. 15, 2006.

Saul C. Brown, New York, NY, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Susan El Gillooly, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: RALPH K. WINTER, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Ardian Kacupaj (A77–721–820), through counsel, petitions for review of a Board of Immigration Appeals ("BIA") decision in asylum-only proceedings that dismissed his appeal from Immigration Judge ("IJ") Michael W. Strauss's denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. The BIA determined that, even assuming credibility, fundamental changes in conditions in Albania were sufficient to rebut any presumption of persecution. We assume the parties' familiarity with the underlying facts and procedural history.

We have jurisdiction here under 8 U.S.C. § 1252(a)(1). *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006). Under the regulations, the BIA does not have the authority to engage in factfinding (except for taking administrative notice of commonly known facts). *See* 8 C.F.R. § 1003.1(d)(3)(i), (iv); *Xian Tuan Ye v. DHS,* 446 F.3d 289, 296 (2d Cir.2006). Although Kacupaj does not raise it in his brief, the critical issue in this case is whether the BIA did engage in fact-finding in concluding that Kacupaj lacks a well-founded fear of persecution. We believe it did and we will reach this issue, despite Kacupaj's failure to raise it, in order to avoid manifest injustice. *See, e.g., United States v. Babwah,* 972 F.2d 30, 34–35 (2d Cir.1992).

Specifically, the BIA erred when it made an independent determination regarding changed country conditions in Albania. That is, whereas the IJ found that Kacupaj failed to establish eligibility for relief because he was incredible regarding the beatings he and his wife suffered in 2000, the BIA assumed credibility but denied his claims because it found that, due to fundamentally changed circumstances in Albania, Kacupaj no longer had a well-founded fear of persecution. In reaching this determination, the BIA relied on the 2002 Country Report. The IJ briefly discussed that report in his decision but made no findings based on it. The BIA also erred when it made independent determinations regarding Kacupaj's eligibility for humanitarian relief under 8 C.F.R. § 1208.13(b)(1)(iii)(A) and *Matter of Chen,* 20 I. & N. Dec. 16 (BIA 1989), and under 8 C.F.R. § 1208.13(b)(1)(iii)(B) (an applicant may be granted asylum if "[t]he applicant has established that there is a reasonable possibility that he or she may suffer other serious harm upon removal to [the] country.").

Upon remand, the agency may wish to consider the evidence on which the BIA relied, as well as evidence of the return to power of the Democratic Party in Albania through general elections in July 2005. *See Latifi v. Gonzales,* 430 F.3d 103, 106 n. 1 (2d Cir.2005). However, it must remand to the IJ if it wishes to make findings based on this evidence. Since Kacupaj does not raise his CAT claim in his brief to this Court, that claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, we GRANT the petition, VACATE the BIA's decision, and REMAND to the BIA for further proceedings consistent with this decision. Having completed our review, Kacupaj's pending motion for a stay of removal in this petition is DENIED as moot.